**TROJAN BOAT COMPANY, Appellant,**

v.

**John J. LUTZ, as owner of the YACHT BETH II, et al., Appellees.**

**No. 22453.**

United States Court of Appeals
Fifth Circuit.

March 22, 1966.

Robert G. Young and Blackwell, Walker & Gray, Miami, Fla., for appellant.

Linwood B. Anderson, William C. Norwood, Harold P. Barkas, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, of counsel, Miami, Fla., for appellees.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

PER CURIAM:

Two questions are posed in this appeal from a decree holding the manufacturer of the BETH II, a 27-foot 1961 cabin cruiser, solely responsible for her loss and the ensuing personal injury and property damages occasioned when she exploded during an effort to start the gasoline engines. The first is that the vessel owner's own fault was so glaring in quality and operative effect that this should constitute the sole proximate cause of the casualty. This would exculpate Appellant certainly as to Lutz' claim and theoretically as to those of the numerous by-stander claimants.[1] The second is that there is a total absence of evidence to sustain the finding that the design of the craft was defective for want of aft bilge ventilating ducts leading to aft ventilators in the transom.

These are typical fact questions whether land-based, maritime or amphibious. They readily pass muster on the clearly erroneous concept now so long absorbed by the admiralty. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.

Affirmed.

---

* Senior Judge, Tenth Circuit, sitting by designation.

1. However, the briefs inform us that Lutz, the vessel owner, was exonerated altogether in the limitation of shipowner's liability proceeding, 46 U.S.C.A. § 181 et seq., in which the Appellant-Manufacturer did not file any claim in the nature of a third-party impleader as to the claims earlier filed against it in the instant proceeding. British Transp. Comm. (The Duke of York) v. United States, 1957, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234.